# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KELVIN CAIN, <br> GDC No. 133731, <br>     Plaintiff, <br><br> v. <br><br> GWINNETT COUNTY <br> DETENTION CENTER PRISON <br> HEALTH CARE PROVIDERS, <br> et al., <br>     Defendants. | :    PRISONER CIVIL RIGHTS <br> :    42 U.S.C. § 1983 <br> : <br> :    CIVIL ACTION NO. <br> :    1:10-CV-1476-TWT-AJB <br> : <br> : <br> : <br> : <br> : <br> : |

## ORDER AND OPINION

Kelvin Cain is incarcerated in Calhoun State Prison in Morgan, Georgia. Proceeding *pro se*, Cain filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 against various defendants associated with the Gwinnett County Detention Center [1]. In lieu of paying the $350 filing fee, Cain submitted an Affidavit in Support of Request to Proceed *In Forma Pauperis* [2]. Because Cain's affidavit did not include "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined," 28 U.S.C. § 1915(a)(2),

Magistrate Judge Alan J. Baverman denied without prejudice Cain's request to proceed *in forma pauperis* [3].

Cain submitted a second Affidavit in Support of Request to Proceed *In Forma Pauperis* [7], this time with all required attachments. For the reasons set forth below, Cain's request for permission to proceed *in forma pauperis* must be denied and this case dismissed.

In certain circumstances, federal law permits a litigant to file a civil action without prepayment of the applicable filing fee. *See* 28 U.S.C. § 1915. However, federal law provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Three of Cain's lawsuits have been dismissed as frivolous pursuant to 28 U.S.C. § 1915A. *See Cain v. Dep't of Corr.*, No. 1:04-CV-3594-TWT (N.D. Ga. dismissed Mar 22, 2005); *Cain v. Georgia Dep't of Corr.*, No. 1:05-CV-1580-TWT (N.D. Ga. dismissed Aug. 31, 2005); and *Cain v. Warden Massac*, No. 3:07-

2

CV-32-JTC (N.D. Ga. dismissed Sep. 27, 2007). Accordingly, Cain is subject to the "three strikes" provision of § 1915(g), and this Court must determine "whether his complaint, as a whole, alleges imminent danger of serious physical injury." *See Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). The danger must be in the "present" rather than "past." *Id.*

Cain complains that the defendants committed "[m]alpractice" [1 at 3] because they did not treat a serious leg injury he sustained while fleeing from police [1 at 9] in the manner recommended by an outside physician [*passim*]. Cain complains that the pain relievers provided to him were not powerful enough [1 at 11-13 & 18]. Cain alleges that the defendants sought to cut costs [1 at 13 & 16], and that as a result he "lost [his] limb" on May 5, 2010 [1 at 22]. Cain further complains that he was subjected to "[c]ruel and unusual punishments by being put in the hole" [1 at 4], that there is prison overcrowding with "126 people [in] a 90 man capacity" facility [1 at 19], and that the meal portions are "kids meal special" [1 at 20].

All of the events about which Cain complains, including the amputation of his leg on May 5, 2010, *preceded* the filing of his complaint and are "past" events. *See Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). Unfortunately for

AO 72A
(Rev.8/82)

Cain, nothing in his complaint can reasonably be read to suggest that at "present," *id.*, he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Accordingly, Cain may not proceed *in forma pauperis* in this case and his motion [7] requesting permission to do so is **DENIED**.

The United States Court of Appeals for the Eleventh Circuit has instructed district courts that when a prisoner is subject to the "three strikes" provision of § 1915(g), "[t]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis*. . . . The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original). If Cain desires to pursue a lawsuit against the defendants, he must pay the $350 filing fee and re-file his complaint. In the meantime, Cain's complaint [1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this *14* day of *June*, 2010.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A (Rev.8/82)